# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

JOHNATHAN HAYES MORRIS,     )
                            )
    Movant,                )
                            )
v.                          )   Case No. CV607-085
                            )           (CR605-023)
UNITED STATES OF AMERICA,   )
                            )
    Respondent.            )

## REPORT AND RECOMMENDATION

Movant has filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. 1.)[1] He has also filed a motion for leave to file an amended motion. (Doc. 3.) The government has responded in opposition to both motions. (Docs. 4-5.) For the reasons that follow, the Court should **DENY** both motions.

---

[1] Unless otherwise noted, citations are to the docket in movant's civil case, CV607-085. "Cr. Doc." refers to documents filed under movant's criminal case, CR605-023.

## I. BACKGROUND

On August 10, 2005, a federal grand jury indicted movant on one count of conspiracy to make and pass counterfeit business checks, one count of possessing and uttering counterfeit securities, and one count of possession of a firearm by a felon. (Cr. Doc. 1.) In December 2006, the court accepted a plea agreement wherein movant pled guilty to the conspiracy and possession of a firearm charges. (Cr. Docs. 58-59.) On December 14, 2006, the court entered a judgment sentencing Morris to 120 months' imprisonment, three years' supervised release, $27,574.23 in restitution, and $300 in special assessments. (Cr. Doc. 62.) Movant did not appeal.

Movant is currently incarcerated at the Federal Correctional Institution in Estill, South Carolina. (Doc. 1.) His timely 28 U.S.C. § 2255 motion was filed on December 14, 2007, asserting that the court imposed disparate amounts of restitution upon Morris and his codefendant, Dustin Walker. (Id. at 1, 5.) On January 24, 2008, movant filed a motion for leave to file an amended complaint alleging that the sentencing judge was biased and prejudiced

against him and should be removed from his case. (Doc. 3.) The government responded in opposition to both motions on February 5, 2008. (Docs. 4-5.)

II. **ANALYSIS**

A. **Disparity in Restitution Payments**

In his § 2255 motion, Morris claims that while incarcerated he spoke with his codefendant Dustin Walker and after comparing their sentences "it became evident that [Walker] did not receive any restitution payments." (Doc. 1 at 5.) Movant seeks to vacate the restitution imposed on him due to the disparity in the fine imposition between "two equal co-defendants." (Doc. 1 at 5, 14.)

In Blaik v. United States, 161 F.3d 1341, 1343 (11th Cir. 1998), the court held that "§ 2255 cannot be utilized by a federal prisoner who challenges only the restitution portion of his sentence because § 2255 affords relief only to those prisoners who 'claim[] the right to be released' from custody." Brown v. United States, 2007 WL 4105365, *4 (11th Cir. 2007). "Moreover, absent exceptional circumstances, a restitution calculation may not be challenged for the first time in a collateral proceeding." Id. (citing

3

Dohrmann v. United States, 442 F.3d 1279, 1280-81 (11th Cir. 2006)). Accordingly, the Court should **DISMISS** this claim.

**B. Sentencing Judge Bias**

On January 24, 2008, movant filed a motion for leave to file an amended "complaint," alleging that the sentencing judge in his case was biased and prejudiced against him. (Doc. 3.)

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) amended § 2255 to require a movant to file a § 2255 motion within one year of the date movant's conviction becomes final. 28 U.S.C. § 2255 ¶ 6. The court entered judgment in movant's criminal case on December 14, 2006. (Cr. Doc. 62.) Movant did not appeal his sentence. Thus, his conviction became final on December 29, 2006 when the ten day period for filing a notice of appeal expired. Fed. R. App. P. 4(b)(1)(A)(i); Fed. R. App. P. 26(a)(2); United States v. Guerrero, 488 F.3d 1313, 1316 n.2 (10th Cir. 2007).

Under Rule 12 of the Rules Governing § 2255 Proceedings, a court may apply the Federal Rules of Civil Procedure in a lawful manner not inconsistent with the Rules governing § 2255

4

Proceedings. Federal Rule of Civil Procedure 15(a) permits a party to amend his pleading "once as a matter of course at any time before a response pleading is served." However, Rule 15(c) permits an amendment of a pleading to relate back to the date of the original pleading only when the claim asserted in the amended pleading arises out of the same conduct, transaction, or occurrence set forth in the original pleading.

In movant's initial motion, he argued that the judgment of restitution should be vacated due to disparities between his sentence and the sentence of his codefendant. (Doc. 1.) Movant seeks to amend his § 2255 motion to allege that the sentencing judge was biased and prejudiced against him. (Doc. 3.) Since movant's claim in his motion to amend does not arise out of the same conduct, transaction, or occurrence set forth in the original pleading, his motion cannot relate back to the date of his timely filed original motion. Additionally, since the motion for leave to amend was filed more than one year after his conviction became final, it is time-barred under the one year statute of limitations imposed by AEDPA. Accordingly, the Court should **DENY**

movant's motion for leave to file an amended pleading. See Mayle v. Felix, 545 U.S. 644, 650 (2005) (holding that "an amended habeas petition . . . does not relate back (and thereby escape AEDPA's one year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth"); United States v. Duffus, 174 F.3d 333, 337 (3d Cir. 1999) (concluding that amendments to timely filed § 2255 motions were time-barred and could not relate back to the original filing date because the amendments failed to satisfy Fed. R. Civ. P. 15(c)(2)'s "same conduct, transaction, or occurrence" standard for permitting relation back); United States v. Craycraft, 167 F.3d 451, 457 (8th Cir. 1999) (same).

## III. CONCLUSION

For the foregoing reasons, movant's § 2255 motion should be **DENIED**.

**SO REPORTED AND RECOMMENDED** this 8th day of February, 2008.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA